UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. PETERS,<br><br>          Plaintiff,<br><br>    v.<br><br>NORRIS HOLLIE, et al.,<br><br>          Defendants. | Case No. 1:18-cv-01230-NONE-EPG (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

      Frank E. Peters ("Plaintiff") is a former prisoner proceeding *pro se* and *in forma pauperis* in this action. The Court has determined that this case will benefit from a settlement conference. Therefore, this case will be referred to Magistrate Judge Sheila K. Oberto to conduct a settlement conference on January 18, 2022, at 10:00 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference. The Court will issue the order detailing the procedures for the settlement conference in due course.

      In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Sheila K. Oberto on January 18, 2022, at 10:00 a.m. The settlement conference will be conducted by remote means, with all parties appearing by Zoom video conference.

2. A representative with full and unlimited authority to negotiate and enter into a binding

1

settlement shall attend.[1]

3. Those in attendance must be prepared to discuss the claims, defenses, and damages at issue in this case. The failure of any counsel, party, or authorized person subject to this order to appear may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

IT IS SO ORDERED.

Dated: **September 8, 2021**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012) ("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2